UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § CIVIL ACTION NO. 4:11-cv-01094 | |
| REED-JOSEPH INTERNATIONAL § | |
| CO., ABA PYROTECHNIK, GMBH, § | |
| REPUBLIC SERVICES, INC., § | |
| TRUEBLUE, INC. AND § | |
| LABOR READY, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Before the Court is Defendant TrueBlue, Inc.'s ("Defendant" or "TrueBlue") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support Thereof ("Motion"). (Doc. No. 27.) After considering TrueBlue's Motion, all responses and replies thereto, and the applicable law, the Court determines that the Motion should be **GRANTED**.

I. FACTS

Plaintiff Jose Gonzalez ("Plaintiff" or "Gonzalez") filed this lawsuit in state court, seeking to recover damages related to personal injuries he sustained in a work-related accident. The suit was removed to this Court pursuant to its diversity jurisdiction. Gonzalez asserts causes of action against manufacturers ABA Pyrotechnik, GmbH ("ABAP") and Reed-Joseph International, Inc. ("Reed Joseph") for design defects,

1

marketing defects, manufacturing defects, breach of warranty, negligence, and gross negligence. Although Gonzalez lists TrueBlue as a Defendant, Gonzalez does not actually assert any claims against TrueBlue, which employed Gonzalez at the time of the accident. However, Gonzalez includes in his Complaint a request for a Temporary Restraining Order ("TRO") against ABAP, Reed-Joseph, and TrueBlue[1] to prevent the destruction of evidence. The Court recently denied the TRO without prejudice to re-filing if Gonzalez could meet the requirements for TROs articulated in the Federal Rules of Civil Procedure. TrueBlue alleges that Gonzalez's claims against it should be dismissed because the Court does not have personal jurisdiction over TrueBlue, and because Gonzalez has not asserted a claim upon which relief could be granted against TrueBlue.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits dismissal for lack of personal jurisdiction. "Absent a rule or statute to the contrary, . . . a federal court [may] exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Point Landing, Inc. v. Omni Capital International, Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987). Because the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045, is coterminous with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp. v. Ontario Mechanical Sales and Service Inc.*, 963 F.2d 90, 93-94 (5th Cir. 1992).

---

[1] TrueBlue was formerly called Labor Ready, Inc. Gonzalez also brought the TRO against Labor Ready, Inc. As Labor Ready, Inc. is simply the former name of TrueBlue, the Court will refer to only TrueBlue throughout this Memorandum and Order.

2

To comport with constitutional due process, a plaintiff must show that: (1) defendants purposefully availed themselves of the benefits and protections of Texas law, thereby establishing "minimum contacts" with Texas such that defendants could reasonably have anticipated being haled into court there; and (2) under the circumstances, the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 94 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); and *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)). *See also Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The minimum contacts requirement can be met through contacts sufficient to confer either specific or general jurisdiction. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citation omitted).

Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (citation omitted). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474). *See also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010). When evaluating specific jurisdiction, the Supreme Court has considered whether there was a regular flow or regular course of sales in the forum state, or whether there was "something more, such as special state-related design, advertising, advice, marketing, or

anything else," or a "specific effort" to sell in the state. *McIntyre Machinery, Ltd. v. Nicastro* 131 S.Ct. 2780, 2792 (2011) (Alito, J., concurring).

Unlike specific jurisdiction, general jurisdiction can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation. *Cent. Freight Lines, Inc.*, 322 F.3d at 381. The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

While the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and the plaintiffs need not establish jurisdiction by a preponderance of the evidence. *Love N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Moreover, "the Court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Id.* (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). "'The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). That is, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that the plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. APPLICATION

TrueBlue asserts that the Court does not have personal jurisdiction over it because TrueBlue has not purposefully directed its activities to Texas, and Gonzalez's cause of action does not arise from or relate to TrueBlue's contacts with the State of Texas. Rather, according to TrueBlue, Gonzalez alleges causes of action as a result of Gonzalez's use of a product allegedly manufactured, designed, and/or marketed by Defendants ABAP and Reed Johnson. TrueBlue claims that it does not operate, do business, or own or control assets or employees in the State of Texas. Furthermore, TrueBlue argues, it has no continuous or systematic contacts with the State of Texas.

TrueBlue claims that it is a Washington corporation and holding company, and only does business in the State of Washington. TrueBlue also states that Gonzalez has not asserted any causes of action against TrueBlue.

Gonzalez does not provide any facts in his Fourth Amended Complaint explaining how this Court has personal jurisdiction over TrueBlue. Gonzalez does include an exhibit to his Response to the Motion to Dismiss with excerpts apparently from TrueBlue's website; these webpages show various branch locations in Texas for an entity called "Labor Ready." (Ex. A to Resp. Mot. Dismiss, Doc. No. 30-1.) Gonzalez does not explain whether he believes these are offices of TrueBlue or an entity related to TrueBlue, or if he is merely alleging specific and general jurisdiction based on the fact that TrueBlue maintains a website showing the office locations of an unrelated entity. Gonzalez nowhere elucidates how TrueBlue's alleged connections to Texas are directly related to Gonzalez's injunctive request. Nor does Gonzalez provide allegations about the nature of TrueBlue's contacts with Texas and how these may be continuous and systematic. Without more, the webpages alone cannot establish either specific or general jurisdiction.

Furthermore, Gonzalez does not assert any causes of action against, or facts giving rise to causes of action against, TrueBlue. Instead, Gonzalez merely requested an *ex-parte* TRO requiring TrueBlue and the other Defendants to preserve material evidence. As Gonzalez has neither made a *prima facie* case of personal jurisdiction over TrueBlue nor stated a plausible claim upon which relief can be granted against TrueBlue, the Court determines that TrueBlue's Motion to Dismiss should be **GRANTED**. All

claims against TrueBlue, formerly known as Labor Ready, Inc., are dismissed with prejudice.

The Court will not grant Gonzalez's request to conduct further jurisdictional discovery or to amend the Complaint. Gonzalez has not explained what he would gain from additional discovery or how additional discovery will help him defend against the Motion to Dismiss. *Jasper v. Federal Emergency Management Agency*, 414 Fed.Appx. 649, 651 (5th Cir. 2011). Furthermore, additional jurisdictional discovery will not cure Gonzalez's shortcomings in stating a plausible claim against TrueBlue. Finally, Gonzalez recently filed a Fourth Amended Complaint in which he fails to cure any of the defects set forth in TrueBlue's Motion. Federal Rule of Civil Procedure 15 provides that this Court "'should freely give leave when justice so requires.'" *Cole v. Sandel Med. Indus., LLC.*, 413 F.App'x 683, 688 (5th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). "[T]he language of this rule evinces a bias in favor of granting leave to amend," and the Court "must have a substantial reason to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quotations and citations omitted). Leave to amend "'is not automatic,'" however. *Udoewa v. Plus4 Credit Union*, No. H-08-3054, 2010 WL 1169963, at *1 (S.D. Tex. March 23, 2010) (quoting *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F.Supp.2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981))). In considering whether to grant leave to amend, the Court may weigh multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The Court believes that amendment would likely be futile in this case;

furthermore, Gonzalez has repeatedly failed to cure deficiencies. The Court therefore declines to permit Gonzalez to amend his complaint a sixth time.

### IV. CONCLUSION

For the reasons stated above, TrueBlue's Motion to Dismiss is **GRANTED**. The Court denies Gonzalez's request to amend his Fourth Amended Complaint.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 7th day of November, 2011.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**